IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Shelton Kirksey[1], | ) | C/A No. 6:25-cv-05887-JDA-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Capital One Auto Finance, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Capital One Auto Finance's partial motion to dismiss amended complaint (doc. 18). The plaintiff is proceeding *pro se* in this matter. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases involving *pro se* litigants and to submit findings and recommendations to the district judge.

## I. BACKGROUND AND FACTS PRESENTED

This matter arises from a vehicle loan agreement between the parties (doc. 11 at 2, amend. compl. ¶ 6). On or about October 8, 2023, the plaintiff issued an Internal Revenue Service ("IRS") Form 1099-C (Cancellation of Debt) for this vehicle loan, which was filed with the IRS (*id.* at 2, ¶ 7). The plaintiff states that the unpaid balance on the loan at the time he issued the Form 1099-C was approximately $57,763.92 (*id.* at 2, ¶ 13). On May 11, 2025, the defendant repossessed the plaintiff's vehicle (*id.* at 2, ¶ 9). The plaintiff alleges that he did not receive any notice of default, right to cure, or final demand before the repossession (*id.*).

---

[1] The second plaintiff originally in this action, Tundalia R. Kirksey, filed a notice of voluntary dismissal on July 7, 2025 (doc. 9). As such, this action remains pending as to only plaintiff Shelton Kirksey.

On May 12, 2025, the plaintiff filed a complaint in the Greenville County Court of Common Pleas alleging causes of action for replevin; a declaration that the debt has been extinguished; and violations of 42 U.S.C. § 1983, 26 U.S.C. § 6050P, and the South Carolina Consumer Protection Code, S.C. Code Ann. §§ 37-5-110, 37-5-111 (doc. 1-1 at 6–7). The defendants removed the matter to this court on June 18, 2025, under diversity jurisdiction (doc. 1).

On July 7, 2025, the plaintiff filed an amended complaint (doc. 11). Therein, the plaintiff requests a writ of replevin for the vehicle and a declaration that the debt has been extinguished because he issued an IRS Form 1099-C (*id.* at 3, amend. compl. ¶¶ 17–21). He also alleges causes of action under S.C. Code Ann. §§ 37-5-110, 37-5-111, and 36-9-611 and 42 U.S.C. § 1983 for Fourteenth Amendment due process violations (*id.* at 2–3, ¶¶ 14–15, 20–23). Liberally construed, the plaintiff – in passing – also asserts that the defendant wrongly converted the vehicle by repossessing it (*id.* at 2, ¶ 12). With his amended complaint, the plaintiff filed a motion to show cause (doc. 12) and a motion to compel (doc. 13). The court denied these motions as premature because the amended complaint had not yet been served, discovery in this matter had not yet commenced, and the motions contained discovery requests, which are not filed with the court (doc. 15).

On July 18, 2025, the defendant filed the partial motion to dismiss now before the court for consideration, in which the defendant argues that the plaintiff's § 1983, replevin, and declaratory relief claims should be dismissed (doc. 18). On that same day, the court issued an order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion (doc. 19). The plaintiff filed a response on July 24, 2025 (doc. 24). Accordingly, this matter is now ripe for review.

## II. APPLICABLE LAW AND ANALYSIS

### A.     *Motion to Dismiss Standard*

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the

3

complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). Rule 12(d) states: "If on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.[2] All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

**B.    Section 1983**

The defendant argues that the plaintiff fails to state a claim under § 1983 because there is no allegation that the defendant was acting under color of state law (doc. 18-1 at 6–7). In response, the plaintiff stipulates to the dismissal of his "42 U.S.C. § 1982" claim (doc. 24 at 1–3), but this appears to be a scrivener's error referring to his § 1983 claim. In any event, the plaintiff does not provide any argument in support of his § 1983 claim and omits it from a list of what he perceives are his remaining claims (*see* doc. 24 at 3–4).

Even considering the merits of this claim, there are no allegations that the defendant, a banking business, was acting under color of state law to support a § 1983 claim. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012).

---

[2] The defendant attached three documents to its memorandum of law (doc. 18-1 at 12–25). Because none of these documents are necessary for the resolution of this motion, the undersigned did not consider them.

4

However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999). In distinguishing between state action and private action:

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor"; "when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000). Here, the plaintiff's amended complaint "includes no facts that establish such a 'close nexus' between" the defendant's challenged actions and the state such that the defendant's actions "may be 'fairly treated' as those of the state itself." *See*

5

*Perry v. Chattem, Inc.*, No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008). Likewise, there is nothing to suggest that the defendant is somehow a state actor (*see* doc. 11). In light of the foregoing, the undersigned recommends that the district court dismiss the plaintiff's § 1983 claim because further amendment of the amended complaint would be futile.

*C.     Requests for Equitable Relief*

The plaintiff alleges that he issued an IRS Form 1099-C for his vehicle debt, and his issuance of this form canceled this debt (doc. 11 at 3, amend. compl. ¶ 7). As a result, the plaintiff requests a writ of replevin to return the vehicle to him and a declaration that the Form 1099-C that he issued discharged the debt (*id.* at 3, ¶¶ 17–21). The defendant argues that the existence of the Form 1099-C, alone, is insufficient to support these claims (doc. 18-1 at 8–10). To reach the plaintiff's claims, the undersigned must first determine the legal significance of the Form 1099-C.

**1.     Legal Effect of Form 1099-C**

The Internal Revenue Code requires *creditors* to file a Form 1099-C after they have discharged a debt of at least $600.00 in the calendar year. 26 C.F.R. § 1.6050P–1(a). For Form 1099-C reporting requirements, there are "identifiable events" that trigger the reporting obligation, including discharge through the debtor's filing for bankruptcy, the expiration of the statute of limitations for collection, discharge by agreement of the parties, and a creditor's decision "to discontinue collection activity and discharge debt." *Id.* § 1.6050P–1(b)(2)(i). "For Form 1099-C reporting requirements, an actual discharge of debt is distinct from a debt discharge in general, such that an actual discharge is not required to have occurred in order for a creditor to be obligated to file with the IRS." *Henderson v. Truist Bank*, No. 1:22-cv-00341-RDA-JFA, 2022 WL 17417167, at *4 (E.D. Va. Dec. 5, 2022) (citing *FDIC v. Cashion*, 720 F.3d 169, 178-79 (4th Cir. 2013)). "This distinction stems from the requirement that 'a discharge of indebtedness is deemed to have occurred . . . if

6

and only if there has occurred an identifiable event described in paragraph (b)(2) of this section, *whether or not an actual discharge of indebtedness has occurred* on or before the date on which the identifiable event has occurred.'" *Id.* (quoting 26 C.F.R. § 1.6050P–1(a) (emphasis added)).

The United States Court of Appeals for the Fourth Circuit has ruled that the issuance and filing of a Form 1099-C on its own is insufficient evidence of an actual discharge of debt. *Cashion*, 720 F.3d at 178–79 (citing 26 C.F.R. § 1.6050P–1). In *Cashion*, the court referenced the "plain language" of 26 U.S.C. § 6050P to decide "that filing a Form 1099-C is a creditor's required means of satisfying a reporting obligation to the IRS; it is not a means of accomplishing an actual discharge of debt, nor is it required only where an actual discharge has already occurred." *Id.*

Here, the question presented is whether the plaintiff sufficiently pled that the defendant actually discharged the plaintiff's debt. The plaintiff relies solely on the allegation that the Form 1099-C – that the plaintiff issued – demonstrates an actual discharge of the vehicle debt (doc. 11 at 2, amend. compl. ¶ 7). However, the Fourth Circuit made clear that Form 1099-C does not, on its own, evidence an actual discharge of debt. *Cashion*, 720 F.3d at 178–79 ("[T]he IRS did not create the form as a means of effectuating the discharge of a debt. It is, instead, a reporting mechanism to the IRS."). Despite revisions to 26 C.F.R. § 1.6050P-1 in the years following *Cashion*, the plain language of the regulation still indicates that a discharge triggering a Form 1099-C reporting requirement does not equate to an actual discharge of debt. Thus, the plaintiff's issuance of the Form 1099-C does not evidence cancellation of the plaintiff's vehicle debt.

### 2. Declaratory Relief

The plaintiff cites the Federal Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the South Carolina Uniform Declaratory Judgment Act, S.C. Code § 15-53-10, *et seq.*, and seeks a declaratory judgment "that the Form 1099-C lawfully

discharged the debt and the Defendant's subsequent repossession lacked legal authority." (doc. 11 at 3, amend. compl. ¶ 20). When a federal court sits in diversity jurisdiction, it applies federal procedural law and state substantive law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Therefore, when a declaratory judgment action is removed to federal court, the court must apply the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013).

Generally, "a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (internal quotation marks and ellipsis omitted). A prayer for declaratory relief must accompany a valid cause of action. *Canipe v. Canipe*, No. 89-1506, 1990 WL 180118, at *2 (4th Cir. Nov. 21, 1990) ("[T]here must be an independent basis for jurisdiction before declaratory relief may be sought under the Declaratory Judgment Act."); *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 323–24 (4th Cir. 1937) ("[D]eclaratory judgment is a remedy, much like an injunction, that a court may decline to order.").

Here, the plaintiff's request for declaratory relief is based solely on his allegation that the Form 1099-C discharged his vehicle debt (doc. 11 at 3, amend. compl. ¶ 20). Because the plaintiff provides no basis for declaratory relief, other than the Form 1099-C that was discussed above, the court cannot provide his requested declaratory relief. Accordingly, the undersigned recommends that the district court dismiss the plaintiff's claim for declaratory judgment both as a separate claim and as a relief for other claims because amendment of the amended complaint would be futile.

### 3.     Replevin[3]

Because he asserts that the Form 1099-C discharged his debt, the plaintiff seeks a writ of replevin for the return of his repossessed vehicle and cites S.C. Code Ann. § 15-69-10 and Federal Rule of Civil Procedure 64(doc. 11 at 3, amend. compl. ¶¶17–19). In its partial motion to dismiss, the defendant summarily requests dismissal of the replevin claim based on the legal insignificance of the subject Form 1099-C, and it supplies no argument or citations regarding the replevin claim itself (doc. 18-1 at 8–10).

"Rule 64(a) of the Federal Rules of Civil Procedure provides that '[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.'" *Bank of Am., N.A. v. Won Sam Yi*, 294 F. Supp. 3d 62, 71–72 (W.D.N.Y. 2018) (quoting Fed. R. Civ. P. 64(a)). "Rule 64 applies to actions or claims requesting relief in the form of 'replevin.'" *Id.* at 72 (quoting Fed. R. Civ. P. 64(b)).

"In South Carolina, the replevin action is codified in S.C. Code Ann. § 15-69-10 (1976)." *Lackey v. Green Tree Fin. Corp.*, 498 S.E.2d 898, 905 n.4 (S.C. Ct. App. 1998). Section 15-69-10 states: "The plaintiff, in an action to recover the possession of personal property, may, at the time of issuing the summons, or at any time before answer, claim the immediate delivery of such property, as provided in this chapter." Such action is limited to "claim and delivery to recover possession of the property from any wrongful holder thereof." S.C. Code § 15-69-20. "This statutory cause of action for claim and delivery and common law writs of replevin have a common thread in that they provide for the return of personal property from the *wrongful holder*." *Grant v. Fiat Chrysler Corp.*, No. 1:17-cv-3090-DCC,

---

[3] Although it is more commonly called "claim and delivery" in South Carolina, *see Ameris Bank v. Glob. Impex, LLC*, No. 4:24-cv-05733-JD, 2025 WL 1707970, at *3 (D.S.C. June 18, 2025), the undersigned will refer to this claim as "replevin" to avoid confusion.

2018 WL 11474063, at *1 (D.S.C. Oct. 26, 2018). To establish such a claim, the plaintiff must show:

> (1) That the plaintiff is the owner of the property claimed, particularly describing it, or is lawfully entitled to the possession thereof by virtue of a special property therein, the facts in respect to which shall be set forth;
>
> (2) That the property is wrongfully detained by the defendant;
>
> (3) The alleged cause of the detention thereof, according to the affiant's best knowledge, information and belief;
>
> (4) That the property has not been taken for a tax, assessment or fine pursuant to a statute or seized under an execution or attachment against the property of the plaintiff or, if so seized, that it is by statute exempt from such seizure; and
>
> (5) The actual value of the property.

*Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 780 S.E.2d 263, 276 (S.C. Ct. App. 2015) (quoting S.C. Code § 15-69-30).

Also, in a "consumer credit transaction payable in two or more installments," a creditor must provide the consumer a right to cure notice after the consumer's default. S.C. Code § 37-5-110(1); *Portfolio Recovery Assocs., LLC v. Campney*, 892 S.E.2d 321, 329 (S.C. Ct. App. 2023), *reh'g denied* (Sept. 15, 2023), *cert. granted* (Oct. 3, 2024), *cert. dismissed as improvidently granted*, 915 S.E.2d 512 (S.C. 2025). For vehicle loans, courts have held that a creditor's failure to provide this notice prevents it from repossessing the vehicle. *See Foster v. Ford Motor Credit Co.*, 395 S.E.2d 440, 441 (S.C. 1990) (holding that evidence that a debtor did not receive the notice of right to cure was sufficient to create a genuine issue of fact about whether the vehicle was improperly repossessed); *In re Milledge*, 639 B.R. 334, 347 (Bankr. D.S.C. 2022) ("If [the Notice of Right to Cure] is defective and no notice of right to cure was correctly given, it may prohibit further collection efforts. The question regarding the Notice of Right to Cure at issue here raises a plausible claim at this stage of the proceeding.").

Here, the plaintiff alleges that he is the rightful possessor of the subject vehicle and provides the make, model, and VIN number (doc. 11 at 2, amend. compl. ¶ 6). The plaintiff claims that he did not receive any notice of default or a right to cure, and he states that there was no court process that authorized this repossession for any other reason (*id.* at 2, ¶¶ 9–11). Accordingly, he contends that the defendant wrongfully repossessed the vehicle (*id.*). Finally, the plaintiff also alleges the value of the contract on the vehicle as $57,763.92 (*id.* at 2, ¶ 13). These alleged facts are sufficient to support the plaintiff's replevin claim because the *pro se* plaintiff's pleading is to be liberally construed, and the undersigned recognizes this claim from a "reasonable reading" of the amended complaint. *See Odom v. Ozmint*, 517 F. Supp. 2d 764, 767 (D.S.C. 2007). Therefore, the undersigned recommends that the partial motion to dismiss be denied as to this claim.

### III. CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned recommends that the defendant's partial motion to dismiss (doc. 18) the plaintiff's § 1983 and declaratory judgment claims be granted, and that the defendant's partial motion to dismiss the plaintiff's replevin claim be denied.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

August 20, 2025
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the next page.***

### *Notice of Right to File Objections to Report and Recommendation*

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).